IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
BRADLEY NAGER,

          Plaintiff,

    vs.

HSBC BANK USA, NATIONAL
ASSOCIATION, and
SPRINGLEAF FINANCIAL SERVICES, INC.,

          Defendants.
------------------------------------------------------------x

JUDGE BRICCETTI

14 CV 062_

## COMPLAINT

### INTRODUCTION

1.    Plaintiff Bradley Nager brings this action to secure redress from violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and state law, committed by defendants HSBC Bank USA, National Association ("HSBC"), and Springleaf Financial Services, Inc. ("Springleaf").

2.    The TCPA restricts the use of automated equipment to dial cellular telephones.

### VENUE AND JURISDICTION

3.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1367.

4.    Venue and personal jurisdiction in this District are proper because:

    a.    Defendants' collection communications were received by plaintiff within this District;

    b.    Defendants transact business within this District.

### PARTIES

5.    Plaintiff Bradley Nager is an individual who resides in Westchester County, New York.

6.    Defendant HSBC Bank USA, National Association is a federally chartered

1

corporation with principal offices at 1800 Tysons Blvd., McLean, VA 22102. It has more than 100 branches in New York, including one at 125 Cedarhurst Avenue, Cedarhurst NY 11516.

7. Defendant Springleaf Financial Services, Inc., is a Delaware corporation with its principal place of business at 601 NW 2nd Street, Evansville, IN 47708. It does business in New York. Its registered agent and office is CT Corporation System, 111 Eighth Avenue, New York, New York, 10011.

## FACTS

8. During the two years prior to the filing of this action, plaintiff received over 660 automated telephone calls using a recorded or computer-generated voice on his prepaid cell phone from HSBC and Springleaf.

9. The initial calls were from HSBC.

10. In about September 2013, HSBC transferred part of its business to Springleaf. Springleaf posted "HSBC Customer Account Transition Information" on its web site, http://www.springleaffinancial.com/personal-loans/hsbc/welcome-hsbc.html.

11. Thereafter, the calls were from Springleaf.

12. Some of the calls have a recorded or computer-generated voice which invites the recipient to press one of several keys. All or most of the HSBC calls were of that variety.

13. In other cases, plaintiff received voice messages and heard "dead air," which is characteristic of autodialed calls (no representative is available to take the call). Most of the Springleaf calls were of that variety.

14. Plaintiff is not a customer of HSBC or Springleaf and had no relationship with HSBC or Springleaf.

15. Plaintiff believes that the calls are collection calls directed at a customer of HSBC / Springleaf, and that his number is being dialed in error.

16. A few examples of these calls are:

   a. From 800-684-8429 on 4/1/2012 @ 4:28 PM

      b.     From 800-715-6478 on 1/10/13 @ 7:38 PM

      c.     From 800-715-6478 on 7/6/13 @ 1:22 PM

      d.     From 800-365-6528 on 8/6/13 @ 4:02 PM

      e.     From 800-742-5465 on 11/16/13 @ 12:37 PM

(Exhibit A).

17. Plaintiff notified HSBC orally, by email, and in writing on multiple occasions informing HSBC that he was not its customer and requesting that they cease contact. Examples of these complaints follow.

18. On Jan 10, 2013, plaintiff sent HSBC's general counsel an e-mail as follows:

Subject: HSBC is Breaking the Law

To: stuart.a.alderoty@us.hsbc.com

Stuart A. Alderoty
HSBC General Counsel
212-525-8877, fax 212-525-8447
stuart.a.alderoty@us.hsbc.com
452 Fifth Avenue, 10th floor
New York NY 10018

Mr. Alderoty,

I must bring to your attention that HSBC is breaking several laws. HSBC has been robo-calling my telephone number **914-669-4303** from **800-715-6478** an average of four times every day even though I have demanded that the HSBC Cease & Desist Dept. make the calls stop. My phone number does not belong to a HSBC customer and is on the government's do not call list.

On December 11, 2012 at approximately 11:45AM ET, I called 800-715-6478 and explained the situation to Soloman agent id # 10678. Soloman connected me to your customer service number (800-333-7023) and I explained the situation to Cariq agent id # 11925 and the supervisor Diana agent id# d02960. On Dec 11, I then sent a letter to HSBC Cease & Desist Dept, PO Box 1231, Brandon, FL 33509-1231 detailing the problem and demanding the calls stop.

On January 7, 2013, I faxed the HSBC Cease & Desist Dept (866-779-2149) detailing the situation and demanding that the HSBC calls stop. Unfortunately, these robo-calls continue. As I detailed in my Jan 7 fax, **HSBC's calls are harassment and illegal.** Since the calls have not stopped, I am notifying the FTC, going to the police, and notifying you as HSBC General Counsel. As I further explained in my Jan 7 fax, starting today I will charge HSBC at least $1000 per call received from HSBC at my phone number (914-669-4303). I intend to also seek any and all legal remedies.

3

Make HSBC immediately **stop calling** my number: **914-669-4303**

19. On January 15, 2013, plaintiff sent an email to HSBC stating:

HSBC is STILL Breaking the Law - PLEASE RESPOND

Mr. Mohammed,

Firstly, I received five of HSBC's illegal and harassing calls yesterday (Jan 14, 2013). Since I first informed Mr Alderoty of these calls, I have received 22 calls (Jan 10 - 4 calls, Jan 11 - 5 calls, Jan 12 - 3 calls, Jan 13 - 5 calls, Jan 14 - 5 calls). HSBC does not seem to be able to remove my number from its robo-calling system.

**I am demanding that HSBC immediately stop all robo-calls to everyone until you have fixed your system and can stop these harassing and illegal calls. It is the only logical, ethical and legal solution.**

I have answered your questions, but you have not answered mine. Please respond to the following questions:

1) How come HSBC can not remove a phone number from its robo-calling software when HSBC is notified that it is calling illegally?

2) Since HSBC can not remove a telephone number from its robo-calling system, why has HSBC not taken down its entire robo-calling system since HSBC is knowingly making illegal and harassing calls?

3) How come the HSBC General Counsel, its chief legal compliance officer, is allowing HSBC to continue knowingly break the law?

4) Why did no one in HSBC's Cease and Desist Department respond to my Dec 11 letter or Jan 7 Fax?

5) Why will no one in HSBC's customer service department give out a phone number for the HSBC Cease and Desist Department?

20. On Aug 6, 2013 at 10:49 AM, plaintiff sent HSBC an email stating:

Mr. Alderoty and Mr. Mohammed,

I continue to receive HSBC's illegal and harassing calls (over 375 since I first notified Mr. Alderoty in January) on my cell phone number 914-669-4303. These calls are disrupting my life and causing me unbearable stress. The calls are coming from 800-365-6528 (for example on Aug 1, 2013 at 4:14 PM) and 800-715-6478 ( for example on July 6, 2013 at 1:22 PM). You said that you would have HSBC's Security and Fraud Risk Department look into the matter. What has the HSBC's Security and Fraud Risk Department found? What is HSBC doing to stop these calls?

21. On October 19, 2013, plaintiff sent an email to HSBC stating:

HSBC is STILL Breaking the Law - PLEASE RESPOND

4

> Mr. Alderoty and Mr. Mohammed,
>
> I continue to receive HSBC's illegal and harassing calls (over 499 since I first notified Mr. Alderoty in January) on my cell phone number 914-669-4303. These calls are disrupting my life and causing me unbearable stress. The latest call came on Oct 19, 2013 at 10:03 from 800-742-5465. You said that you would have HSBC's Security and Fraud Risk Department look into the matter. What has the HSBC's Security and Fraud Risk Department found? What is HSBC doing to stop these calls? I have not heard back from you regarding my Aug 6 email.

22. HSBC and Springleaf did not cease contact. HSBC denied that it was making the calls; however, the fact that the calls switched from HSBC to Springleaf when Springleaf took over HSBC's mortgage business demonstrates otherwise.

23. On information and belief, the calls were placed using predictive dialers. The predictive dialers place calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient with a debt collector.

24. Plaintiff did not authorize the automated placement of calls to his cell phone by defendants.

25. Plaintiff did not furnish his cell phone number to defendants.

26. Springleaf is likely to continue calling plaintiff unless enjoined from doing so.

## COUNT I – TCPA

27. Plaintiff incorporates paragraphs 1-26.

28. The TCPA, 47 U.S.C. §227, provides:

> § 227. Restrictions on use of telephone equipment
>
> ... (b) Restrictions on use of automated telephone equipment.
>
> (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which

5

> the called party is charged for the call; . . .

29. The TCPA, 47 U.S.C. §227(b)(3), further provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

> **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
> **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>
> **(C) both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

30. Defendants violated the TCPA by placing automated calls to plaintiff's cell phone.

31. Defendants' conduct in continuing to call plaintiff after being requested to cease was willful.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

   a. Statutory damages;

   b. An injunction against further violations;

   c. Costs of suit;

   d. Such other or further relief as the Court deems just and proper.

### COUNT II – NEW YORK GENERAL BUSINESS LAW § 399-p

32. Plaintiff incorporates paragraphs 1-26.

33. New York General Business Law §399-p provides:

**§ 399-p. Telemarketing; use of automatic dialing-announcing devices and placement of consumer telephone calls**

> **1. Definitions.** As used in this section, the following terms shall have the following meanings:
>
>> (a) "automatic dialing-announcing device" means any automatic equipment which incorporates a storage capability of telephone numbers to be called and is used, working alone or in conjunction with other equipment, to disseminate a prerecorded message to the telephone number called without the use of an operator;
>>
>> (b) "person" means any natural person, firm, organization, partnership, association or corporation, or other entity, whether for-profit or not-for-profit; . . .
>
> **2.** No person shall operate an automatic dialing-announcing device, nor place any consumer telephone call, except in accordance with the provisions of this section. The use of such device by any person, either individually or acting as an officer, agent, or employee of a person operating automatic dialing-announcing devices, is subject to the provisions of this section.
>
> **3.** Whenever telephone calls are placed through the use of an automatic dialing-announcing device, such device shall do all of the following:
>
>> (a) state at the beginning of the call the nature of the call and the name of the person or on whose behalf the message is being transmitted and at the end of such message the address, and telephone number of the person on whose behalf the message is transmitted, provided such disclosures are not otherwise prohibited or restricted by any federal, state or local law; and
>>
>> (b) disconnect the automatic dialing-announcing device from the telephone line upon the termination of the call by either the person calling or the person called. . . .
>
> **9.** In addition to the right of action granted to the attorney general pursuant to this section, any person who has received a telephone call in violation of subdivision three, four or five of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated such subdivisions. The court may award reasonable attorney's fees to a prevailing plaintiff.

34. Defendants violated New York General Business Law §399-p by placing automated calls to plaintiff's cell phone without stating at the beginning of the call the nature of the call and the name of the person or on whose behalf the message is being transmitted and at the end of such message the address, and telephone number of the person on whose behalf the message is transmitted.

7

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a.    Statutory damages;

    b.    An injunction against further violations;

    c.    Attorney's fees, litigation expenses and costs of suit;

    d.    Such other or further relief as the Court deems just and proper.

/s/ Lawrence Katz
Lawrence Katz

Lawrence Katz
LAW OFFICE OF LAWRENCE KATZ LLC
445 Central Avenue, Suite 201
Cedarhurst, New York 11516
(516) 374-2118
(516) 706-2404 (FAX)
lkatz@lawkatz.com

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603-3593
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

*pro hac vice* admission to be applied for:

Daniel A. Edelman
Cathleen M. Combs
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603-3593
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ Lawrence Katz
Lawrence Katz

# EXHIBIT A







